UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

WILLIAM BERNARD CROCKETT III,  )
                               )
            Petitioner,        )
                               )
      v.                       )       No. 1:25-cv-00642-JPH-TAB
                               )
WARDEN,                        )
                               )
            Respondent.        )

**ORDER DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS FOR LACK OF JURISDICTION**

Petitioner William Bernard Crockett III filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his conviction and sentence in case number 71D01-0310- MR-000027. Mr. Crockett previously challenged this conviction in case number 3:15-cv-384-RLM in the Northern District of Indiana. His habeas petition was denied on July 31, 2017, and the Seventh Circuit Court of Appeals denied his challenge to the denial of a certificate of appealability on April 17, 2018. See *Crockett v. Sevier*, No. 1:22-cv-00556-JPH-TAB (S.D. Ind. Apr. 26, 2023), dkt. 50 at 1 (recounting procedural history). Mr. Crockett previously filed a habeas petition in this Court, which was dismissed as successive on April 26, 2023. *Id.*

On April 17, 2025, the Court ordered Mr. Crockett to show cause as to why this matter should not be dismissed as successive. Mr. Crockett has filed two motions addressing the filing fee but provides no response to the Court's order regarding the successive nature of his claims. Dkts. 10, 11.

1

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

If a petitioner has already challenged his conviction in a federal habeas action and received a decision on the merits, he must get permission from the court of appeals before filing another petition challenging the same conviction under 28 U.S.C. § 2244(b). This statute, § 2244(b)(3), "creates a 'gatekeeping' mechanism for the consideration of second or successive [habeas] applications in the district court." *Felker v. Turpin*, 518 U.S. 651, 657 (1996). It "'is an allocation of subject-matter jurisdiction to the court of appeals. A district court *must* dismiss a second or successive petition . . . unless the court of appeals has given approval for the filing." *Lambert v. Davis*, 449 F.3d 774, 777 (7th Cir. 2006) (cleaned up).

Mr. Crockett may not bring a successive habeas petition without first obtaining permission from the Seventh Circuit Court of Appeals, which he has not done. *See* 28 U.S.C. § 2244(b); *Felker*, 518 U.S. at 657. Accordingly, the Court lacks jurisdiction over his petition for a writ of habeas corpus, and it is **DISMISSED**.

The Court warns Mr. Crockett that if he continues to file successive habeas petitions in this Court, he may be subject to sanctions, including a ban on future filings. *See Support Sys. Inter., Inc. v. Mack*, 45 F.3d 185 (7th Cir.

1995) (holding that courts have inherent authority to protect themselves from vexatious litigation, including imposition of filing bans).

Judgment consistent with this Order shall now issue.

Finally, Mr. Crockett's motion for leave to proceed in forma pauperis, dkt. [10], is **GRANTED**. The $5.00 filing fee is waived.

His motion for court assistance, dkt. [11], is **GRANTED** to the extent that this order provides Mr. Crockett with information related to his filing fee and case status.

**SO ORDERED.**

Date: 6/18/2025

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

WILLIAM BERNARD CROCKETT III
973572
INDIANA STATE PRISON
INDIANA STATE PRISON
Inmate Mail/Parcels
One Park Row
MICHIGAN CITY, IN 46360

3